## THOMAS ARMOR v. GEORGE W. PYE.

RIGHT OF WAY OVER LAND, *Unrecorded Agreement for; Damages.* A. sold and conveyed by an ordinary warranty deed, a piece of land to C., which deed was duly recorded. A. and C. at the same time entered into a written agreement, giving to A. a right of way over said land; but this instrument in writing was never acknowledged or recorded. C. then sold and conveyed the land to P., by an ordinary warranty deed, P. having knowledge of said written agreement. Afterward P. sold and conveyed the land to T., by an ordinary warranty deed, T. not having any knowledge of said written agreement, or of the rights of A. in and to the land, and P. not giving him any information with reference thereto. Afterward A. commenced an action against P. for damages, for depriving him of his right of way over said land. *Held,* That the action cannot be maintained.

### *Error from Lyon District Court.*

AT the March Term, 1880, of the district court, defendant, *Pye,* recovered a judgment against plaintiff, *Armor,* who brings the case here. The facts appear in the opinion.

*W. A. Randolph*, and *G. E. Smith*, for plaintiff in error.

*L. B. & J. M. Kellogg*, and *Buck & Feighan*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: Thomas Armor, the plaintiff in error, sold a tract of land in Lyon county to one Joseph A. Cole, and gave him a warranty deed therefor, which deed was duly recorded. At the time of making this sale Armor and Cole entered into a written agreement concerning the crops of that year, the straw, some stove-wood, the right of entry by Armor to take away some cut wood, and, among other things, the right to go and come over the land by a certain way to and from a piece of wood-land still owned by Armor, and with the right to the refusal to purchase the wood-land by Cole in case Armor should desire to sell the same. Nothing was said in the writing that it was to be binding upon any one except Cole; nor as to the length of time that Armor was to have the right of way; nor was any reference made to it in the deed. This writing was signed by Armor and Cole, but was never acknowledged before any officer authorized to take the acknowledgment of deeds, nor was it ever recorded. Afterward the defendant in error, George W. Pye, purchased this land from Cole, with knowledge of said written agreement, and Cole conveyed the land by warranty deed to Pye. Afterward Pye sold the land to one J. G. Traylor without mentioning the written agreement, and Traylor purchased the land without any knowledge of the same. Armor, attempting to interfere with Traylor's possession of the land, was restrained by injunction brought in the district court of Lyon county by Traylor, and in that suit it was decided that Traylor was the owner of the land, freed from any equities in favor of Armor. All parties acquiescing in the decision of the district court, Armor then filed his petition with the board of county commissioners, asking for a private road over

Traylor's land on the line of the right of way claimed under the written agreement with Cole. Upon the hearing of such petition the commissioners granted Armor the private road, and allowed Traylor $150 for his damages, which amount Armor paid. Armor then commenced this action in the court below, to recover from Pye the amount paid by him to Traylor, and also to recover for his expenses in the injunction suit, and for damages, amounting in the aggregate to $500. Pye demurred to the plaintiff's petition upon the ground that it did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer; and the plaintiff excepted, and now brings the case to this court.

Upon the facts stated, has the plaintiff Armor any cause of action against the defendant Pye? If the plaintiff has any such cause of action it depends upon several contingencies:

1st. It depends upon the contingency whether the interest created by the written agreement between Armor and Cole was an interest which ran with the land.

2d. If it was an interest which ran with the land, then it depends upon the further contingency that Pye had full knowledge of such interest.

3d. It depends upon the further contingency that Traylor did not have any knowledge of Armor's interest in the land.

4th. And it depends upon the further contingency that Pye did not give Traylor any information concerning the interest of Armor in the land.

For the purposes of this case we shall assume that the interest of Armor was an interest which ran with the land; and for the purposes of the case, it must also be held, as facts admitted by Pye, that Pye had full knowledge of Armor's interest in the land when he (Pye) purchased the same, and that Traylor did not have any such knowledge, and that Pye did not give him any information with reference thereto. But should a cause of action be founded upon such contingencies or such facts? Suppose that Pye had denied that he had any knowledge of Armor's interest when he purchased the land: this would have raised an issue which might have required

a long and uncertain litigation. Or, suppose that Pye had denied that Traylor did not have knowledge of Armor's interest when Traylor purchased the land: the decision of this question might also have required a long, tedious and uncertain litigation. If Traylor had known of Armor's interest in the land at the time that he (Traylor) purchased the same, it will not be contended that the plaintiff would have any cause of action against Pye, for in such a case the plaintiff would not be injured. He would still have his right of way over the land, Traylor not being an innocent purchaser of the land without notice of the plaintiff's rights. Or, suppose that Pye should claim that he informed Traylor before he sold the land to Traylor; that he gave Traylor full information with reference to the plaintiff's rights: then this question might also require a long and tedious litigation; for if Pye had given such information, it will not be claimed that the plaintiff would have any cause of action against Pye. But why should Pye be required to give any such information? Pye was under no personal obligation to Armor. There was no contract between them. Pye never agreed to give any such information, and never agreed to recompense Armor for any damages that might result to him. Upon what rule in ethics, or morals, or in law, was Pye under obligation to tell Traylor that Armor had some interest in the land? Whose duty was it, in fact, to give Traylor such notice? The plaintiff could have given such notice by merely having the written agreement properly acknowledged and recorded, and he was more interested in giving such notice than anyone else; and by having it properly acknowledged and recorded, he would have given notice, not only to Traylor, but to all the world. He was negligent in not doing this.

Now shall he recover from a person who was less negligent than himself? Pye was less negligent than he was, because Pye did not have the great interest in giving Traylor such notice that Armor had. In fact, Pye had no interest in giving such notice. But suppose that Pye had in fact told Traylor orally that Armor had an interest in the land, still there

would have been no written evidence of the fact. Suppose that Pye had then died; or, suppose that Traylor had denied such knowledge: then how could it be proved? And must the negligence of Armor in not having his written agreement acknowledged and recorded, throw the burden upon Pye of giving notice and of proving that he gave notice in writing or otherwise to Traylor? So far as is shown, all the deeds in this case were alike; that is, Pye executed the same kind of a deed to Traylor that Armor did to Cole, and that Cole did to Pye; so that with regard to deeds, all the parties were alike negligent and alike careful.

We do not think that the plaintiff has any cause of action against Pye. After the plaintiff's negligence in failing to give notice, as authorized by law, by having said written instrument duly acknowledged and recorded, showing his interest in the land, we think he can hardly found a cause of action merely upon the silence of Pye with respect to the same matter. If he failed to give the notice when he could so easily have done so, why should he claim that Pye should have given the notice, at possibly great inconvenience to Pye? After the plaintiff's silence in the matter, we do not think he should be allowed to found a cause of action against Pye, merely upon Pye's silence.

The judgment of the court below will be affirmed.

All the Justices concurring.